UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JAMES DINSIO, | | |
| | Petitioner, | |
| -against- | | 9:03-CV-0780 |
| SUPERINTENDENT, | | (LEK/VEB) |
| | Respondent. | |
| JAMES DINSIO, | | |
| | Petitioner, | 04-CV-015 |
| -against- | | |
| JAMES CONWAY | | |
| | Respondent. | |

**DECISION AND ORDER**

This matter comes before the Court following a Report-Recommendation filed on September 25, 2007, by the Honorable Victor E. Bianchini, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.3(c) of the Northern District of New York. Report-Rec. (Dkt. No. 73). Upon Petitioner's request, the deadline for objections to the Report-Recommendation was extended from October 10, 2007 to November 30, 2007. See Dkt. No. 74. In error, the Court reviewed the report-recommendation according to the original time frame and issued an order adopting Judge Bianchini's recommendations on November 15, 2007. Order (Dkt. No. 75). Subsequently, Petitioner filed an objection to the Report-Recommendation. Dkt. No. 79. This Objection is timely according to the amended schedule and will be accepted and fully considered by the Court.

It is the duty of this Court to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §

1

636(b).  "A [district] judge... may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  Id.  This Court has considered Plainitff's objection and has undertaken a de novo review of the record and has determined that the Report-Recommendation should be approved for the reasons stated therein.  Petitioner objects that Judge Bianchini's decision to not consider claims not contained in the petitions is an error resulting in a miscarriage of justice.  Obj. (Dkt. No. 79) at 2; Report-Rec. (Dkt. No. 73) at 9, n.7.  However, the Court disagrees.  Despite the unusual circumstances of Petitioner's varying status as *pro se* or represented, Judge Bianchini's decision to not consider claims raised for the first time in supplemental pleadings was not an error, especially considering that Petitioner never sought leave to amend his petitions.  See Nardella v. Braff, 621 F. Supp. 1170, 1172 (S.D.N.Y. 1985) ("Leave of Court is required for a party to amend his pleading when the adverse party has already served a responsive pleading and does not consent to the amendment.") (citing FED. R. CIV. P. 15(a)).

       Accordingly, it is hereby

       **ORDERED**, that the Report-Recommendation (Dkt. No. 73) is **APPROVED** and **ADOPTED** in its **ENTIRETY**; and it is further

       **ORDERED**, that the Petition (Dkt. No. 1) is **DENIED and DISMISSED**; and it is further

       **ORDERED**, that a Certificate of Appealability will not be issued; and it is further

       **ORDERED**, that the Clerk serve a copy of this Order on all parties.

       **IT IS SO ORDERED**.

DATED:     November 26, 2007
               Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge